JOHN R. KROGER
Attorney General
MARC ABRAMS #89014
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: marc.abrams@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MONICA EMELDI,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF OREGON, an Agency and Instrumentality of the State of Oregon,<br><br>Defendant. | Case No. 6:08-cv-06346 HO<br><br>**CONCISE STATEMENT OF MATERIAL FACTS** |

Pursuant to LR 56-1, defendant the University of Oregon submits the following concise statement of undisputed material facts:

1. The College of Education ("COE") faculty is 68% female. (http://education.uoregon.edu/path.htm?setpath=31&setsubpath=1) In 2004, there were six tenured female faculty members in COE. (Emeldi dep. Exh. "5.")

2. Plaintiff Monica Emeldi was accepted into the doctoral program at the COE in 2004, in the Department of Special Education. (Emeldi dep. 13:2-5; Exh. "6.") Dr. Edward Kame'enui was her adviser and her dissertation committee chair. (Kame'enui Aff. ¶ 3.)

No Breach of Contract.

3. Plaintiff was awarded financial aid from the Project Vanguard grant ("Vanguard"), which was co-directed by Dr. Kame'enui and Dr. Robert Horner. (Emeldi dep. 20:25-21:14, 196:16-20.) Vanguard was authorized for four years with the possibility of a fifth year, and has now expired. (Kame'enui Aff. ¶ 2, Exh. "A.") Vanguard did not guarantee specific funding — or *any* funding — to specific graduate students. (Kame'enui Aff. ¶ 3.)

4. In exchange for Vanguard funding, plaintiff signed a Service Agreement committing her to perform service upon graduation. (Emeldi. dep. Exh "7.") That writing does not memorialize a promise to pay for school for any specific period or in any specified amount. (Emeldi dep. 56:10-22; Exhs. "7.")

5. Plaintiff received a total of $101,656 in stipends, tuition assistance and medical insurance support from Vanguard, more than any other student at the COE. (Kame'enui Aff. ¶ 5; Emeldi dep. Exh. "2.") Plaintiff continued to receive funding through the University so long as she was enrolled in classes. (Emeldi dep. 65:5-8, Exhs. "10," "11," "13," "14.")

6. The University catalog specifically states that there is no contract between plaintiff and the University. (Emeldi dep. Exh. "5."). Her letter of admission to the Ph.D. program does not guarantee financial aid. (Emeldi dep. Exh. "6."). Her letter of admission states that "[a]dmission to the Special Education doctoral program does not guarantee funding for support." (Emeldi dep. 53:5-24, Exh. "6."). Plaintiff's admission letter and the University catalog made clear that no graduate student is guaranteed financial support upon admission or from year to year. (Emeldi dep. Exhs. "5," "6.")



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

7. Dr. Kame'enui could not alter that situation. He held no general administrative position at the University or within COE at the time of the alleged oral contract. (Emeldi dep. 95:5-8, 97:25-98:4; Kame'enui Aff. ¶ 3.)

8. When asked, regarding her breach of contract claim, how the University had failed to support her financially, said "I don't know." (Emeldi dep. 37:20-24.)

9. The doctoral program is incapable of completion within a year. (Emeldi dep. Exh. "5" at 252.) Plaintiff knew the course of study was four to five years. (Emeldi dep. 68:7-22.)

No Discrimination.

10. At the beginning of the 2005-06 academic year, Dr. Kame'enui took a sabbatical. (Kame'enui Aff. ¶ 4. ) With Dr. Kame'enui gone, plaintiff asked Dr. Robert Horner to serve as her dissertation chair. (Emeldi dep. 70:23-71:12.) Dr. Horner agreed. (Horner Aff. ¶ 2.)

11. During 2007, plaintiff refused to listen to Dr. Horner regarding the necessary changes to produce a dissertation that would be a focused piece of scholarship. Dr. Horner concluded he could no longer serve as plaintiff's dissertation chair; on November 27, 2007, he resigned. (Horner Aff. ¶ 3; Emeldi dep. 151:8-16.) Plaintiff, asked why she believes Dr. Horner's resignation was retaliation, said "I would be speculating." (Emeldi dep. 260:16-20.)

12. Plaintiff asked fifteen members of the faculty, but failed to recruit another professor who was in her field and qualified to chair her dissertation committee. (Emeldi dep. 108:18-109:6; Exh. "16.") Several of them were too busy. (Emeldi dep. Exh. "16.") Several, including Dr. Cynthia Herr, who would otherwise have accepted the assignment, were not qualified to chair a dissertation committee. (Emeldi dep. Exhs. "16," "17.") When asked if not being allowed to have Dr. Herr serve as chair of her dissertation committee was an act of discrimination, plaintiff responded "I don't know whether it was or not." (Emeldi dep. 266:14-19.) Many of the others were not qualified in the field of study. (Emeldi dep. Exh.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

"16.") A few had retired. (*Id.*) Plaintiff made a decision *not* to go back to Dr. Kame'enui, who by then had returned to the University, concluding, without even talking to Dr. Kame'enui, that there was "no support there." (Emeldi dep. 182:8-19, Exh. "16" at 3714.) Nor did she approach other highly qualified members of the faculty, including committee members Jeffrey Sprague and Roland Good, and COE Dean Michael Bullis, due to unilateral determinations of personality conflicts, declaring them "grieved parties." (Emeldi dep. Exh. "16" at 3714-15.) Plaintiff has not, since Dr. Horner resigned as her chair, filed the paperwork to reconstitute her dissertation committee. (Emeldi dep. 273:23-275:1) She has no committee chair. (Emeldi dep. 41:16-18.) Her dissertation proposal remains unapproved and uncompleted. (Emeldi dep. 46:23-48:19.)

13. Plaintiff filed a series of grievances and appeals within the University system, first with the Dean of the COE, Mike Bullis, and then with Graduate School Dean Richard Linton and University Provost Linda Brady. (Emeldi dep. Exhs. "38," "39," and "40.") She alleged that the COE suffered from institutional sexism, (*Id.*) and that Dr. Horner's resignation was the commencement of a sexist retaliation against her for having authored a memorandum on or about May 3, 2007 "documenting the lack of tenured female faculty members in the college and unequal representation of female graduate students and faculty from professional and tenure track opportunities" (the "May 2007 Memo"). (Complaint ¶ 3.) Other actions complained of included "avoidance of eye contact" with plaintiff, lack of prompt responses to her e-mails, and her having difficulty scheduling appointments with faculty members. (Emeldi dep. Exh. "37.")

14. The May 2007 Memo was a two-page summary of a meeting of graduate students, in which the issue of female role models in the COE was only one of fifteen topics, discussed third in that list for a total of four sentences. (Emeldi dep. Exh. "18.") No allegation of discrimination in hiring practices was alleged in the memo. (Emeldi dep. 238:22-239:3, 240:11-21.) Plaintiff never shared the May 2007 Memo with any faculty other than the Dean and has no knowledge that any other professor, including Horner, ever saw it. (Emeldi dep. 140:7-141:7.)



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

15. Dr. Horner was not even aware of the May 2007 Memo (Emeldi dep. 140:7-141:7; Horner Aff. ¶ 4.) His resignation from her committee occurred almost seven months later. (Horner Aff. ¶ 3.) Even after he resigned, he continued to work with plaintiff on a co-authored article. (Emeldi dep. 168:11-169:22; Horner Aff. ¶ 5.)

16. Plaintiff's grievance was denied as without foundation by Bullis. (Emeldi dep. 306:18-307:2, Exh. "38.") Plaintiff appealed to the Dean of the Graduate School, Richard Linton on March 20, 2008. (Emeldi dep. Exh. "39." However, plaintiff five days later served her notice of her tort claim on March 25, 2008, putting the matter into the court system, so Dr. Linton did not respond. (Emeldi dep. Exh. "39.") For the same reason, neither did Dr. Brady.

17. Plaintiff has not been discharged from the Ph. D. program and remains a doctoral candidate in the COE to this day, even though she has not taken any effort to find a dissertation chair in almost two years (Emeldi dep. 13:9-14:13, 113:24-114:6.), has not constituted a dissertation committee (Emeldi dep. 41:7-24, 46:23-48:19.), and has not yet written, submitted or defended a dissertation. (Emeldi dep. 46:23-48:19.)

DATED this 23rd day of February, 2010.

Respectfully submitted,

JOHN R. KROGER
Attorney General

MARC ABRAMS #89014
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4793
marc.abrams@doj.state.or.us
Of Attorneys for Defendant



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on February 23 2010, I served the foregoing CONCISE STATEMENT OF MATERIAL FACTS upon the parties hereto by the method indicated below, and addressed to the following:

David C. Force
96 E Broadway Ste 2
PO Box 10972
Eugene OR 97440
Of Attorneys for Plaintiff

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX) **541 686-1594**
___ E-MAIL **forcelaw@aol.com; forcelawgm@aol.com**
_✓_ E-FILE

MARC ABRAMS #89014
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4793
marc.abrams@doj.state.or.us
Of Attorneys for Defendant



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4793