JOHN R. KROGER
Attorney General
MARC ABRAMS #89014
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: marc.abrams@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MONICA EMELDI, | Case No. 6:08-cv-06346 HO |
| Plaintiff, | **REPLY CONCISE STATEMENT OF MATERIAL FACTS** |
| v. | |
| UNIVERSITY OF OREGON, an Agency and Instrumentality of the State of Oregon, | |
| Defendant. | |

Pursuant to LR 56-1, defendant the University of Oregon submits the following reply

concise statement of undisputed material facts:

A.     Defendant replies only where necessary to plaintiff's responses to the initial

concise statement of material facts.

Page 1 -   REPLY CONCISE STATEMENT OF MATERIAL FACTS
        MA/jlb/1995437-v2
                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                       (503) 947-4700 / Fax: (503) 947-4791

No Breach of Contract.

6.      Defendant denies that it "routinely" makes and keeps oral contracts.  The Mike Belloti situation is unique, and the University President has said such practices are, in fact, not countenanced.  (Force Aff. Exh. 1 at 1.)

7.      Plaintiff denies without elaboration or citation.  The facts are true as stated.

No Discrimination.

11.     Plaintiff denies without elaboration or citation.  The facts are true as stated. Plaintiff may not deny her own statements made under oath in deposition.

14.     Plaintiff denies without elaboration or citation.  The fact is true as stated.  Plaintiff may not deny her own statements made under oath in deposition.  Specifically, her assertion that "she was told that all faculty had received copies of the [May 2007] memo" is directly disproven by her own testimony.  (Emeldi dep. 140:7-141:7.)

15.     Plaintiff denies without elaboration or citation.  The facts are true as stated. Plaintiff may not deny her own statements made under oath in deposition.

17.     University amends its statement that plaintiff has not been discharged from the Ph.D. program.  In deposition, plaintiff claimed that she continued as a student in the COE doctoral program.  (Emeldi dep. 13:9-18.)  The accurate statement is that, by having stopped pursuing her degree, plaintiff is deemed to have withdrawn from the University.  (Force Aff. Exh. "2.")  Plaintiff is eligible for re-admission on petition.  (*Id.*)  Plaintiff's status changed as a result of her own inaction, which in turn was the result of her not taking any effort to find a dissertation chair in almost two years (Emeldi dep. 13:9-14:13, 113:24-114:6), not constituting a dissertation committee (Emeldi dep. 41:7-24, 46:23-48:19), and has having written, submitted or defended a dissertation.  (Emeldi dep. 46:23-48:19.)

Page 2 -    REPLY CONCISE STATEMENT OF MATERIAL FACTS
              MA/jlb/1995437-v2

                          Department of Justice
                          1162 Court Street NE
                          Salem, OR 97301-4096
                     (503) 947-4700 / Fax: (503) 947-4791

B.    Additional Material Facts.[1]

18.    Dr. Sprague's advice to Prof. Eisert regarding chairing plaintiff's dissertation committee was based entirely on Prof. Eisert's workload and lack of expertise in the subject area, and not on plaintiff's gender or any other factor.  He did not recommend that Prof. Eisert not take on the responsibility.  (Sprague dep. 16:3-21, 20:16-21:18.)

19.    Prof. Sprague would have considered chairing plaintiff's dissertation committee had she ever asked him in 2007, and would consider doing to today.  (Sprague dep. 18:22-25, 21:19-22:2.)

C.    University's response to Plaintiff's asserted material facts.

1.    Denied.  Plaintiff was not an employee of a private business run by Dr. Kame'enui, but a research assistant at the University under the Vanguard grant.  (Kame'enui Aff. Exh. "A.")  Plaintiff's admission and terms of financial aid are misstated, and Dr. Kame'enui made no such guarantees.  (Kame'enui Aff. ¶ 4.)  Plaintiff did not "perform all her duties," as she did not maintain a dissertation committee or write a dissertation.  (Emeldi dep. 13:9-14:13, 41:7-24, 46:23-48:19, 113:24-114:6)  Plaintiff provides no citation as required by LR 56-1(c)(1).

2.    Denied.  University does not "routinely" enter into oral contracts.  Such practices are, in fact, not countenanced.  (Force Aff. Exh. 1 at 1.)

3.    Denied.  There is no evidence on the record of the assertions in this concise statement except as responded to herein, and plaintiff provides no citation as required by LR 56-1(c)(1).  Dr. Herr's concerns specifically did *not* concern plaintiff or her situation.  (Herr. dep. 10:3-18.)

4.    Denied.  The "material facts" in this concise statement are largely subjective belief and not fact or are without citation in violation of LR 56-1(c)(1).  The record is devoid of any evidence that Dr. Horner treated doctoral students differently by gender.  The treatment of

---

[1] Pursuant to order of this Court in accordance with Fed. R. Civ. P. 56(f), Prof. Sprague's deposition was taken April 5, 2010, subsequent to the filing of the motion for summary judgment.  Accordingly, these statements were not available until after the filing of the motion.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

plaintiff was due to her failure to participate meaningfully in the academic process, and was
unique to her own failings. (Horner Aff. ¶¶ 2,3; Horner dep. 31:5-24, 32:12-33:3.)

  5. Denied. Dr. Horner *did* tell plaintiff her work was not acceptable, and that it was
"too large in scope and too weak in methodology." (Horner Aff. ¶ 2; Force Aff. Exh. "3" at 1;
Emeldi dep. Exh. "25.") Plaintiff did *not* adopt Horner's suggestions; rather, she rejected them
and complained to the administration that he was a barrier to her progress. (Horner Aff. ¶ 3.)
Contrary to this assertion, plaintiff was told by administration that the choice on how to proceed
and whether to file a grievance was entirely hers. (Friestad Aff ¶ 7.) Plaintiff at no time in those
communications raised an issue of harassment or discrimination. (*Id.*)

  6. Denied. The "material facts" in this concise statement are largely subjective
belief and not fact or are without citation in violation of LR 56-1(c)(1). Dr. Friestad talked to
Dr. Horner specifically at plaintiff's request. (Friestad Aff. ¶ 5.) Plaintiff's statement
mischaracterizes Dr. Horner's testimony regarding both the timing of events, the content of
conversations, and the spirit with which the May 2007 Memo was received by Dean Bullis.
(Horner dep. 16:5-18:9, 37:18-39:6, 40:16-23.)

  7. Denied. Plaintiff makes an entirely spurious claim that has been unsupported by
the evidence in this case. Dr. Horner does not remember making such a statement, and
Dr. Herr — cited by plaintiff as her source for the statement having been at the meeting in
question — denied being at any such meeting making any such statement. (Horner Aff. ¶ 3;
Horner dep. 29:3-11; Herr dep. 6:5-10.)

  8. University admits that plaintiff pursued the grievance process until filing this
action, and that plaintiff is not currently enrolled at the University. Otherwise, denied. Dean
Bullis' response is mischaracterized. (Emeldi dep. Exh. "38."). The allegations regarding Emma
Martin ("supervisor") in this concise statement are largely subjective belief and not fact or are
without citation in violation of LR 56-1(c)(1). Regardless, the cited section of plaintiff's
declaration provides no basis for concluding that this female supervisor committed acts that were

Page 4 - REPLY CONCISE STATEMENT OF MATERIAL FACTS
   MA/jlb/1995437-v2

discriminatory based on gender.  Nor did plaintiff, as claimed, make extended efforts to obtain a

dissertation committee chair, not having ever approached Profs. Kame'enui, Sprague or Good,

and, contrary to the assertion in this statement, DID not spend "over a year" trying to obtain a

chair.  To the contrary, she appears to have made no efforts between November 2007 and

April 2008, then spent a brief period contacting faculty inappropriately and ineffectively, and

then ceased all efforts after May 2008.  (Emeldi dep. 108:18-109:6, 182:8-19, Exh. "16" at

3705-15.)

DATED this ⁷ᵗʰ day of May, 2010.

Respectfully submitted,

JOHN R. KROGER
Attorney General

MARC ABRAMS #89014
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4793
marc.abrams@doj.state.or.us
Of Attorneys for Defendant

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## CERTIFICATE OF SERVICE

I certify that on May  7 , 2010, I served the foregoing REPLY CONCISE STATEMENT

OF MATERIAL FACTS upon the parties hereto by the method indicated below, and addressed

to the following:

David C. Force
96 E Broadway Ste 2
PO Box 10972
Eugene OR  97440
     Of Attorneys for Plaintiff

\_\_\_ HAND DELIVERY
\_\_\_ MAIL DELIVERY
\_\_\_ OVERNIGHT MAIL
\_\_\_ TELECOPY (FAX) **541 686-1594**
\_\_\_ E-MAIL  **forcelaw@aol.com;**
                 **forcelawgm@aol.com**
 ✓ E-FILE

MARC ABRAMS #89014
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4793
marc.abrams@doj.state.or.us
Of Attorneys for Defendant

Page 1 -   CERTIFICATE OF SERVICE
       MA/cjw/1099934-v1