IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONICA EMELDI,

        Plaintiff,

        v.

UNIVERSTIY OF OREGON,

        Defendant.

_____

Civ. No. 6:08-cv-06346-MC

ORDER

MCSHANE, Judge:

      Nearly five years ago, defendant removed this action to federal court. Now, on the eve of trial, plaintiff moves to suspend all pretrial deadlines pending the resolution of plaintiff's motion to remand due to lack of subject matter jurisdiction (ECF No. 119.) The amended trial management order established firm deadlines, including deadlines for each party's pretrial documents and the pretrial order. At a status conference three months ago, I warned the parties that once set, the date for trial would likely not be moved.

      Plaintiff's proposed pretrial order was due weeks ago. Rather than alert the court at that time, or at any other time in the past five years, that it may lack jurisdiction, plaintiff simply did not submit a proposed pretrial order to defendant. Apparently, plaintiff intended to not file any

1 –ORDER

pretrial documents and simply argue the matter should be remanded. Other than perhaps requesting a continuance of the trial, plaintiff appears to have no plan in place should the motion to remand be denied. Two days, ago, defendant notified the court that plaintiff had yet to submit the proposed pretrial order, and that plaintiff intended to move to remand this action to state court. Defendant copied plaintiff's counsel in that notice. Later that day, plaintiff moved to remand. (ECF No. 113.) That same day, defendant moved to compel plaintiff to abide by the pretrial deadlines set forth in the amended trial management order. (ECF No. 115.)

Later that afternoon, I issued a minute order noting that other than a new schedule for the pretrial order, all other dates set forth in the amended trial management order remained as previously set. I warned the parties that "A failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate, including dismissal of this action." (ECF No. 118.)

The following day, plaintiff moved to suspend all pretrial deadlines pending resolution of the motion to remand. Plaintiff argues the minute order was improper as plaintiff never had an opportunity to respond to defendant's notice or motion to compel. Plaintiff also argues defendant's motion for summary judgment is frivolous and "obviously calculated to make it impossible for plaintiff's counsel to continue trial preparations if this Court **did** have jurisdiction; and shift his attention to defense of that frivolous motion." (ECF No. 120 (emphasis in original).) Plaintiff may resume trial preparations as defendant's motion for summary judgment, ECF No. 111, is DENIED, without prejudice. As trial is fast approaching and pretrial documents are due in a matter of days, I did not wait for plaintiff to respond to defendant's motion to compel.

Plaintiff also objects to my order that plaintiff submit a proposed pretrial order without stating a basis for the court's jurisdiction. Plaintiff's counsel previously argued that because he

2 –ORDER

believes this court lacks jurisdiction, he could not submit a pretrial order consistent with Federal Rule of Civil Procedure 11. My order regarding plaintiff's proposed pretrial order removed plaintiff's reason for not filing a pretrial order. Again, I note plaintiff failed to alert the court to any Rule 11 concern weeks ago, at the deadline for plaintiff's proposed pretrial order. Given that trial is fast approaching, and that jury summons are being sent, witnesses scheduled, pretrial documents prepared, and court and attorney time was long ago blocked off for a week of trial, I extended the deadline for the pretrial order and kept other deadlines and dates intact. As noted, I allowed plaintiff to submit a proposed pretrial order absent any affirmation of this court's jurisdiction.

I will hear oral argument on plaintiff's motion to remand at 11:00 a.m. on Tuesday, October 15, 2013 in Eugene Courtroom 2. Plaintiff's motion to suspend all pretrial deadlines, ECF No. 119, is DENIED. It may be that plaintiff's motion to remand has merit. However, a decision on that motion may come after some pretrial documents are due. Likewise, plaintiff notes a motion for an interlocutory appeal will follow any denial of the motion to remand. It may be such a motion has merit. It may be, however, that plaintiff is not entitled to stay this matter pending an interlocutory appeal. Until I make a ruling either remanding this action or staying all deadlines pending any interlocutory appeal (or any other future motions), **I repeat that all deadlines as previously set in my amended trial management order and October 9, 2013 minute order remain as scheduled. A failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate, including dismissal of this action.**

No motions filed will suspend any deadlines or dates. All dates will remain as set and I will set an expedited schedule to attempt to resolve any motions in a timely matter. It may be that

3 –ORDER

a ruling on any motion will come after the time for pretrial motions. It could be that an untimely motion will not be ruled upon prior to trial. Until an order stays or remands this action, all dates remain as scheduled.

## CONCLUSION

Defendant's motion for summary judgment (ECF No. 111) is DENIED, without prejudice. Defendant's motion to compel (ECF No. 115) is GRANTED as detailed in my October 9, 2013 minute order. Defendant's motion for sanctions is DENIED. Plaintiff's motion to suspend pretrial proceedings pending determination of subject matter jurisdiction (ECF No. 119) is DENIED. Oral argument on plaintiff's motion to remand (ECF No. 113) is set for Tuesday, October 15, 2013 at 11:00 a.m. in Eugene Courtroom 2.

IT IS SO ORDERED.

DATED this 11th day of October, 2013.

                                       _/s/ Michael J. McShane_____
                                            Michael J. McShane
                                        United States District Judge