**Michelle Barton Smigel**, OSB No. 045530
michelle.smigel@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorney for Defendant University of Oregon

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MONICA EMELDI**, | Case No. 6:08-cv-06346-MC |
| Plaintiff, | DEFENDANT'S MOTIONS IN LIMINE |
| v. | |
| **UNIVERSITY OF OREGON**, an Agency and Instrumentality of the State of Oregon, | |
| Defendant. | |

## **MOTIONS**

Defendant University of Oregon (the "University"), moves for orders in limine as set forth below.

Page 1 -   Defendant's Motions In Limine

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

**Motion 1:**   **To exclude evidence and argument on plaintiff's ORS 659.850 claim.**

Plaintiff asserts a claim of retaliation under ORS 659.850, asserting the same acts alleged as predicates for the Title IX claim. However, no retaliation claim exists under ORS 659.850. *See, e.g.*, *Nakashima v. Oregon State Board of Education*, 344 Or 497, 436-37 (2008). The statute only encompasses two types of discrimination claims. The University asks that the court dismiss the state-law claim with prejudice.

**Motion 2:**   **To exclude evidence or argument that plaintiff is entitled to any special damages.**

The court's Amended Trial Management Order and order amending the schedule required plaintiff to submit an "itemized list of special damages" by Friday, October 25. The list was required to "specify damages sought and how such damages will be proven—i.e. through which exhibits and/or witness testimony. Plaintiff failed to submit such a list. Therefore, the University asks the court to preclude plaintiff from submitting evidence or argument regarding special damages.

**Motion 3:**   **To exclude evidence and argument challenging the University's academic decisions. (United States Constitution; Oregon Constitution; Fed R Evid 702, 703.)**

For the reasons stated in the University's motion for summary judgment (Dkt. No. 111) (hereby incorporated by reference herein), the University moves to exclude plaintiff from presenting evidence challenging any exercise of the University's First Amendment right to academic freedom. This includes, but is not limited to: the University's decisions related to hiring; criticisms of plaintiff's academic work or progress; the quality or competency of plaintiff's dissertation proposal; Dr. Rob Horner's decision to resign as plaintiff's informal dissertation chair; and faculty members' decisions whether or not to chair plaintiff's dissertation committee. Such decisions are outside the purview of this court and of a jury, as they are decisions wholly within the University's exercise of its right to exercise academic freedom.

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

Nor is such evidence or argument relevant to the outcome of this case. The only question for the jury is whether or not the University's decisions, through its agents, were motivated by retaliatory animus or some other good faith reason (e.g. academic disagreements, different working styles, or personality differences). For example, it is not relevant whether or not Dr. Horner's critiques were actually legitimate as long as he believed them to be.

The University does not contend that its First Amendment rights are an absolute shield to lawsuits under Title IX, as such an outcome would be absurd, but it does contend that the First Amendment is a shield to lawsuits such as this one which plaintiff admits is based entirely on mere speculation because to allow otherwise would lead to equally absurd results.

**Motion 4:** **An order preventing plaintiff from claiming or presenting evidence relating to any alleged unjust enrichment claim/intellectual property issues.**

The University asks the court to preclude plaintiff from offering evidence regarding her recently alleged "unjust enrichment" claim based on her new theory that the University did not want plaintiff to graduate so that they could use her ideas in order to apply for a grant. The court has already ordered that plaintiff may not bring such a claim in this case. Therefore, plaintiff should not be allowed to present any evidence (including Plaintiff's Exhibit 40) or argument on this issue, as it would confuse the jury and be unfairly prejudicial to the University as it would require the University to present evidence to rebut plaintiff's theory and the University has not been afforded an opportunity to conduct discovery on these new allegations.

However, the University is entitled to raise plaintiff's new contention and use Defendant's Exhibit 284 for impeachment purposes, as her new allegations contradict her claims in this case that the University's motives were retaliatory.

Page 3 -    Defendant's Motions In Limine

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

**Motion 5:** **An order precluding plaintiff from offering evidence or argument regarding an alleged contract with the University. (Fed R Evid 402, 403.)**

The University obtained final judgment in its favor on plaintiff's breach of contract claim (which was not appealed) (Dkt. No. 75). Therefore, evidence of an alleged contract with the University is irrelevant, unduly prejudicial, and likely to mislead and confuse the jury. The University asks that the court order that plaintiff is not to present evidence of any alleged contract, "agreement," "promises," "assurances," being "induced," or similar from the University regarding plaintiff's participation in the COE's doctoral program. Similarly, the University asks for an order precluding plaintiff's counsel from making related argument.

**Motion 6:** **An order preventing plaintiff from claiming that the University terminated plaintiff's enrollment in the University's doctoral program. (Fed R Evid 402, 403.)**

Plaintiff's pretrial order contends that the University "terminated" plaintiff's enrollment. The University moves for a motion in limine precluding use of this phrasing. There is no evidence that the University actively terminated plaintiff's enrollment. Rather, she failed to keep or obtain a dissertation chair. The use of the term "terminated" is confusing for the jury, unfairly prejudicial, and improperly implies that the University chose to end plaintiff's enrollment by expulsion or similar action, when it did not.

**Motion 7:** **An order that plaintiff may not submit testimony suggesting that Dr. Horner had received or was aware of the April/May 2007 Memo, or suggesting that Dr. Friestad told Dr. Horner plaintiff's complaints related to gender inequities, and further ordering that plaintiff's counsel not suggest or imply that such evidence exists. (Fed R Evid 602, 402, 403.)**

Fed R Evid 602 permits testimony "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Plaintiff cannot testify about whether Dr. Horner was aware of the Memo or whether Dr. Friestad's statements to Dr. Horner referenced gender because plaintiff has no personal knowledge on those topics. The

Page 4 -    Defendant's Motions In Limine

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

only evidence at trial will demonstrate that Dr. Horner was not aware of the Memo and Dr. Friestad's statements to him did not refer to gender. Plaintiff's speculation is not admissible evidence.

The University asks the court to further order that plaintiff's counsel may not argue that Dr. Horner received or was aware of the Memo drafted by plaintiff before he resigned as chair of plaintiff's committee because there is no evidence showing that he did. Similarly, the University asks the court to order that plaintiff's counsel may not argue that Dr. Horner was told of any complaints by plaintiff to Dr. Friestad alleging that Dr. Horner treated her differently because of her gender (or similar) because there is no evidence demonstrating that he was.

**Motion 8:** **An order that plaintiff may not submit testimony and plaintiff's counsel may not argue that there is evidence suggesting that any professors, other than Dean Michael Bullis, received or were aware of the April/May 2007 Memo. (Fed R Evid 602, 402, 403.)**

For the same reasons stated in Motion No. 7, plaintiff should be precluded from offering testimony on topics about which she has no first-hand knowledge and plaintiff's counsel should be precluded from arguing without evidence.

**Motion 9:** **An order that plaintiff may not offer testimony and plaintiff's counsel may not argue that COE faculty or the University conspired to make sure that no one agreed to serve as plaintiff's dissertation chair.**

For the same reasons stated in Motion No. 7, plaintiff should be precluded from offering testimony on topics about which she has no first-hand knowledge and plaintiff's counsel should be precluded from arguing without evidence.

**Motion 10:** **To exclude evidence and argument relating to any contention that plaintiff was entitled to or should have continued to receive grants/funding/tuition reimbursement or any type of financial assistance. (Fed R Evid 402, 403.)**

The University obtained a final judgment in its favor on plaintiff's breach of contract claim when the district court granted the University's motion for summary judgment on

Page 5 -    Defendant's Motions In Limine

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

that claim (which was not appealed). (Dkt. No. 75.) Evidence about financial assistance plaintiff believes she had an expectation to while a student at the University is not relevant, unfairly prejudicial, highly likely to confuse the jury, and is misleading. Therefore, the court should preclude plaintiff from submitting evidence on these topics. However, the University is entitled to present such evidence for impeachment purposes and to establish plaintiff's motive in suing the University.

**Motion 11:** To exclude evidence or argument regarding the University's decision not to respond to plaintiff's appeal of its denial of her grievances. (Fed R Evid 402, 403.)

Plaintiff should be precluded from offering evidence or argument or suggesting that the University should have but did not respond to her appeal of its denial of her grievance. Plaintiff filed her notice of tort claim before the University's response to her appeal was due. Accordingly, the University properly exercised its discretion pursuant to OAR 571-003-0000(7) to decline to entertain the grievance, as Emeldi had elected to pursue the matter in the court.

DATED this 8th day of November, 2013.

MILLER NASH LLP

*/s/Michelle Barton Smigel*
Michelle Barton Smigel, OSB No. 045530
michelle.smigel@millernash.com
Telephone: (503) 224-5858
Fax: (503) 224-0155

Attorney for Defendant University of Oregon

Page 6 -    Defendant's Motions In Limine

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

I hereby certify that I served the foregoing Defendant's Motions in Limine on:

>David C. Force
>340 E. 11th Avenue
>P.O. Box 10972
>Eugene, Oregon  97440
>Fax:  (541) 686-1594
>E-mail:  forcelaw@aol.com

>*Attorney for Plaintiff Monica Emeldi*

by the following indicated method on the date set forth below:

>☒    **CM/ECF system transmission.**

>DATED this 8th day of November, 2013.

>>*/s/Michelle Barton Smigel*
>>Michelle Barton Smigel, OSB No. 045530
>>Of Attorneys for Defendant University of Oregon

Page 1 -   Certificate of Service

PDXDOCS:2018918.1
224430-0010

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699