David C. Force, 82258
340 E. 11th Avenue
P.O. Box 10972
Eugene, OR 97440
Telephone: (541) 343-2956
Fax: (541) 686-1594
Email: forcelaw@aol.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MONICA EMELDI,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF OREGON, an Agency and Instrumentality of the State of Oregon,<br><br>    Defendant. | Case No. 6:08-cv-06346-MC<br><br>PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS<br><br>Trial Date: December 2, 2013 |

Plaintiff requests that the Court instruct the jury as follows:

Dated: November 27, 2013.

                RESPECTFULLY SUBMITTED by:

                      s/ David C. Force
                      David C. Force
                      Attorney for Plaintiff

# SPECIAL INSTRUCTION 1 - RETALIATION

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. The plaintiff engaged in or was engaging in an activity protected under federal law, that is: asserting that there was sexual discrimination in the Special Education Department of the College of Education that affected her adversely in her educational program;

2. The defendant subjected the plaintiff to adverse educational actions, that is: depriving her of a dissertation chair so as to prevent her from achieving a Ph.D. degree, and/or subjecting her to harassment and isolation; and

3. The plaintiff was subjected to the adverse educational actions because of her participation in protected activity.

A plaintiff is subjected to an adverse educational action "because of" her participation in protected activity if the adverse employment action would not have occurred but for that participation.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand,

the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

9th Circuit Model Instruction 10.3 CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF, comments.

## SPECIAL INSTRUCTION 2 - PROTECTED ACTIVITY

To be protected activity, the plaintiff's allegations of discrimination need not be proven or correct, but they must have been based on the plaintiff's reasonable belief that the discrimination existed.

Informal as well as formal complaints or demands are protected activities under Title IX.

9th Circuit Model Instruction 10.4A.1; *Passantino v Johnson & Johnson Consumer Products,* 212 F3d 493, 502-506 (9th Cir. 2000).

## SPECIFIC INSTRUCTION 3 - ADVERSE ACTION

An adverse educational action is any action or series of actions which a reasonable graduate student would have found to be materially adverse. "Materially adverse" means that the action or series of actions might have dissuaded a reasonable graduate student from making or supporting a charge of discrimination.

9th Circuit Model Instruction Comment 10.4A, *Burlington No. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see also Thompson v. North American Stainless, LP*, ___ U.S. ___, 131 S. Ct. 863 (2011) (applying *Burlington* standard).

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS on:

Michelle Barton Smigel
Heather K. Cavanaugh
Miller Nash LLP
111 SW 5th Ave Ste 3400
Portland, OR  97204

by electronic means through the Court's Electronic Case File system on the 27th day of November, 2013.

                        s/ David C. Force
                        David C. Force
                        OSB No. 822585