IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONICA EMELDI,

    Plaintiff,

v.

UNIVERSTIY OF OREGON,

    Defendant.

Civ. No. 6:08-cv-06346-MC

ORDER

MCSHANE, Judge:

    The University of Oregon moves for costs and attorney fees following a directed verdict against plaintiff Monica Emeldi. Under Oregon Revised Statute 659.850(7), a court may award a prevailing defendant attorney fees if "the plaintiff had no objectively reasonable basis for asserting a claim or no objectively reasonable basis for appealing an adverse decision of a trial court." Similarly, under Title IX, a defendant may recover fees in any frivolous or unreasonable case, or in a case "without foundation." *Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011).

    I decline to award fees in this instance. It is undisputed that Emeldi engaged in a protected activity by drafting the memo at issue. Although the facts at trial demonstrated the University did not retaliate against Emeldi based on the memo, Emeldi sincerely believed, and likely continues to believe, that the University in fact retaliated against her. Although Emeldi's

1 –ORDER

claims were based largely on her own speculation of retaliation, the Ninth Circuit reversed this Court's order granting summary judgment to the University, holding Emeldi presented enough evidence to survive summary judgment. *Emeldi v. Univ. of Oregon*, 673 F.3d 1218, 1229-30 (9th Cir. 2012). I conclude Emeldi's case, despite the directed verdict, was neither frivolous nor without foundation.

The University also seeks $3,484.27 in costs. Costs are generally allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Emeldi admits defendant is entitled to $645.50 in costs described in Exhibit 1 of the Declaration of Michelle Smigel, ECF No. 171. Emeldi appears to argue that because the Rob Horner, Cindy Herr, and Jeffrey Sprague did not testify at trial, the University may not recover the costs of their deposition transcripts. Emeldi's novel argument fails. The only reason Horner, Herr, and Sprague did not testify is because I granted the University's motion for a directed verdict prior to the University presenting its case. Each witness was listed on the University's Witness Statements. *See* ECF No. 146, ¶¶ 11, 12, 19. All of the requested costs, for deposition transcripts and filing and service fees, are recoverable. *See* 28 U.S.C. § 1920. The University is awarded costs of $3,484.27.

## CONCLUSION

Defendant's motion for costs and attorney fees (ECF No. 171) is GRANTED in part and DENIED in part. The motion for fees is DENIED. Defendant is awarded $3,484.27 in costs. IT IS SO ORDERED.

DATED this 19th day of March, 2014.

                                                  Michael J. McShane
                                              United States District Judge